## MEYER *et al. v.* RICHARDS.

*(Circuit Court. E. D. Louisiana. June 26, 1891.)*

NEGOTIABLE BONDS—LIABILITY OF SELLER—WARRANTY.

    The *bona fide* owner of negotiable bonds which are fraudulent reissues of genuine bonds is not liable to one who purchases them from him for the amount paid therefor, in the absence of any warranty. Following *Otis* v. *Cullum*, 92 U. S. 447.

At Law.
*Furrar, Jones & Kruttschnitt*, for plaintiffs.
*Beckwith & Lazarus*, for defendant.

PARDEE, J. This cause has been submitted near the close of the term without argument other than that furnished by printed briefs in other cases, where the facts did not fully appear, with a request for a speedy decision. A brief opinion is all that is possible. The agreed statement of facts shows that the defendant, prior to the sale of the bonds herein in question, was the *bona fide* holder of each and all of the bonds described, having acquired each and all of said bonds in open public market for full market value, with no notice whatsoever of any alleged vice or alleged illegality of the bonds; and that the said bonds are in no sense forgeries, but fraudulent reissues of genuine bonds. These facts being admitted, in my opinion the case is controlled by the decision of the supreme court of the United States in *Otis* v. *Cullum*, 92 U. S. 447. In that case the bank of which Cullum was receiver had sold certain bonds issued by the city of Topeka. The bonds were afterwards judicially declared void, because the act authorizing their issue was unconstitutional.

The purchasers sued to recover the amount paid for the bonds, alleging failure of consideration. The court said:

"Such securities throng the annals of commerce which they are made to seek, and where they find their market. They pass from hand to hand like bank-notes. The seller is liable *ex delicto* for bad faith, and *ex contractu*, there is an implied warranty that they belong to him, and that they are not forgeries. Where there is no express stipulation, there is no liability beyond this. If the buyer desires special protection, he must take a guaranty. He can dictate its terms, and refuse to buy unless it be given. If not taken, he cannot occupy the vantage ground upon which it would have placed him. It would be unreasonably harsh to hold all those through whose hands such instruments may have passed liable, according to the principles which the plaintiffs in error insist shall be applied in this case."

The doctrine of this case has been recognized and approved in the case of *Orleans* v. *Platt*, 99 U. S. 676, and in *Insurance Co.* v. *Middleport*, 124 U. S. 545, 8 Sup. Ct. Rep. 625. It is not necessary to cite authorities to show that the *bona fide* holder of negotiable securities has title. In the view I have taken of the case, the liability of the state on the bonds in controversy is not a material question, and is in no wise passed upon. It is therefore ordered, adjudged, and decreed, that there be judgment in favor of the defendants, with costs.